REQUESTED BY: Senator Tom Vickers Member of the Legislature 1017 State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
This letter is in response to your inquiry of February 5, 1982, asking to what extent LB 571 would allow foreign investment in Nebraska oil, gas, and hydrocarbon leaseholds which is not allowed by current Nebraska law.
Our opinion is that LB 571 would allow aliens to comprise a majority of the directors of any corporation having oil, gas, and hydrocarbon leaseholds in Nebraska, which is not allowed under present Nebraska law.
In addition, LB 571 would double, at least, the amount of time that such leasehold interest could be held by a business incorporated under the laws of a foreign nation.
The statutes which are relevant in answering your question are Neb.Rev.Stat. § 76-402 § 76-402 (Reissue 1976), §76-404 (Reissue 1976), and § 76-406 (Reissue 1976). The statutes are all unambiguous so that their language should be given its plain and ordinary meaning. Little Blue NaturalResources District v. Lower Platte North Natural ResourcesDistrict, 206 Neb. 535, 294 N.W.2d 598 (1980).
Insofar as it is relevant here, the current § 76-402
provides that:
 Aliens and corporations not incorporated under the laws of the State of Nebraska are prohibited from acquiring title to or taking or holding any land, or real estate, or any leasehold interest extending for a period for more than five years . . . except as provided in sections 76-403 to 76-405.
Clearly then, under the general language of § 76-402, referring to `any leasehold interest,' aliens and foreign corporations would be prohibited from acquiring any oil, gas, or hydrocarbon leasehold interest extending for more than five years, unless a specific exception to that rule was set out in § 76-404. However, while § 76-404 would exempt corporations incorporated under the laws of the United States or a state from the limitation imposed by § 76-402, no such exemption currently exists with reference to businesses incorporated under the laws of foreign nations.
As stated in § 76-404:
 Corporations incorporated under the laws of the United States of America, or under the laws of any state of the United States of America, doing business in this state, may acquire, own, hold, or operate leases for oil, gas, or other hydrocarbon substances for a period as long as ten years and as long thereafter as oil, gas, or other hydrocarbon substances shall or can be produced in commercial quantities.
It will be noted that corporations which are incorporated under the laws of a foreign nation are not mentioned in § 76-404. Consequently, by reading §§ 76-402 and 76-404
together, it is apparent that the five year restriction imposed by § 76-402 would currently apply to corporations incorporated under the laws of a foreign nation, given the absence of any reference in § 76-404 to such corporations.
The time restriction imposed on corporations of foreign nations would, however, be removed by the amendment proposed in LB 571. That amendment would allow `any foreign corporation or any alien' to `acquire, own, hold, or operate leases for oil, gas, or other hydrocarbon substances, for a period as long as ten years and as long thereafter as oil, gas, or other hydrocarbon substances shall or can be produced in commercial quantities.' Currently, under §76-402, such leasehold interests would be limited to a maximum of five years.
In addition, as stated by § 76-406:
 No corporation organized under the laws of this state and no corporation organized under the laws of any other state or country, doing business in this state, which was organized to hold or is holding real estate, except as provided in section 76-404 . . . shall elect aliens as members of its board of directors or board of trustees in number sufficient to constitute a majority of such board, nor elect aliens as executive officers or managers nor have a majority of its capital stock owned by aliens.
By reading § 76-406 with § 76-404, it is apparent that under current Nebraska law only `corporations incorporated under the laws of the United States of America, or under the laws of any state of the United States of America, or under the aliens as members of its board of directors or board of trustees in number sufficient to constitute a majority of such board, or elect aliens as executive officers or managers nor have a majority of its capital stock owned by aliens.'
However, the amendment of LB 571 would allow any corporation (even those corporations incorporated in a foreign nation) holding oil, gas, or hydrocarbon leases to have aliens comprise a majority of the Board of Directors.
The results, then, of the amendment proposed by LB 571 would be to allow corporations of foreign nations to have Nebraska oil, gas, and hydrocarbon leasehold interests for at least ten, rather than a maximum of five, years; and aliens would be allowed to comprise a majority of the directors sitting on the boards of those corporations.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Frank J. Hutfless Assistant Attorney General